IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARY ARTHUR DeMOTT, #09620-023                                              PETITIONER

VERSUS                                                       CIVIL ACTION NO. 5:05cv200DCB-JCS

CONSTANCE REESE, FCI Yazoo, Miss. - Warden                                  RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner DeMott is a federal inmate incarcerated at FCI - Yazoo City, Mississippi. He initially filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in United States District Court for the District of Columbia. The District of Columbia then transferred this petition to this court. Upon review of the petition and response [21-1], the Court finds that the instant petition should be dismissed for lack of jurisdiction.

Background

The petitioner was convicted in the United States District Court for the District of Idaho in criminal case number CR-00-079 for one count of conspiracy to defraud the United States, seven counts of aiding and assisting in the filing of false tax returns and four counts of failure to file income tax returns. See DeMott v. Yusuff, 5:03cv116RG (S.D. Miss. April 25, 2003). In the instant petition, the petitioner asserts that his constitutional rights relating to his conviction were violated as a result of a "blanket search warrant" and he was convicted of a crime which had been determined to be no crime or offense against the laws of the United States. He requests (1) that he be released immediately by vacating and setting aside the unlawful conviction and sentence as a nullity; (2) that any monies collected from him by FCI-Yazoo be returned immediately to him; (3) that he be provided transportation to Jackson, Mississippi, airport and a

commercial flight to Boise, Idaho; and (4) that his personal property be shipped to Boise, Idaho.

## Previous habeas petition

The petitioner has previously filed in this court a petition for habeas relief pursuant to 28 U.S.C. § 2241, DeMott v. Yusuff, 5:03cv116DMR (S.D. Miss. April 25, 2003). That petition challenged the same conviction based on similar grounds as presented in the instant civil action. A final judgment was entered on April 24, 2003, dismissing the petition as follows: to the extent that it was filed pursuant to 28 U.S.C. § 2241 as frivolous, without prejudice, and to the extent that the petition could be construed as a § 2255 motion, with prejudice, for this court's lack of jurisdiction.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Under the allegations, this court finds that the petitioner is not challenging the execution of his sentence or the calculation of his sentence, but instead he is challenging the validity of the conviction itself.

The proper means of attacking errors that occurred during or before sentencing is to file a motion to vacate pursuant to 28 U.S.C. § 2255. Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997)(citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Because the petitioner's grounds for habeas relief concern the actual validity of his conviction, they are the proper subject for a § 2255 motion to be pursued in the United States District Court for the District of Idaho where the petitioner was convicted.

However, a petition for habeas relief pursuant to § 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of

the so-called § 2255 'savings clause'." Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  The petitioner is required to establish that the § 2255 remedy is inadequate or ineffective.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  In the instant petition, DeMott argues that the sentencing court does not have subject matter jurisdiction to judicially determine the constitutional issues presented.  DeMott further argues that a § 2255 motion would be moot because the petitioner has previously filed such a motion which was subsequently denied by the United States Court of Appeals for the Ninth Circuit.

This court finds the petitioner's arguments are without merit.  The sentencing court's denial of petitioner's motion pursuant to § 2255 simply does not establish the inadequacy or ineffectiveness of § 2255 as a remedy.  See Tripati v. Henman, 843 F.2d 1161, 1162 (9th Cir. 1988).[1]  Additionally, the United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 applies to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904.  The Fifth Circuit further elaborated upon the test, stating "[o]f course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access to the savings clause."  Id. (emphasis in original)(citing Pack, 218 F.3d

---

[1] A review of the Courts' database through PACER indicates that in DeMott's criminal case CR00-79-S-EJL his motion to vacate was denied on November 9, 2005, and the United States Court of Appeals for the Ninth Circuit subsequently denied him a certificate of appealability on April 27, 2006.

3

at 452-53 (providing examples of such circumstances from caselaw)). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

DeMott fails to provide a Supreme Court decision which is to be applied retroactively establishing that the statutes with which he was charged in the federal indictment in the United States District Court of the District of Idaho were not crimes at the time of his conviction. Thus, he was not convicted of a nonexistent crime, nor can he claim that he has been imprisoned for non-criminal conduct. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000)("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."). See also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001). Consequently, the plaintiff has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief attacking his conviction based on alleged errors of the sentencing court. The remedy pursuant to a § 2255 motion to vacate, set aside, or correct his sentence, is the proper forum to assert these allegations and the petitioner has failed to establish the inadequacy or ineffectiveness of § 2255 to address these issues. As such, this petition filed pursuant to § 2241 shall be dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction with prejudice. See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997).

<u>Sanctions warning issued</u>

This court finds that this petition is presenting basically the same claims previously presented in this court concerning the petitioner's conviction in the United States District Court for the District of Idaho.  As such, this type of filing could be found to be an abuse of the writ.  <u>See</u> <u>Davis v. Fetchel</u>, 150 F.3d 486 (5th Cir. 1998).  Therefore, out of an abundance of caution, this court is issuing the petitioner a warning.  Petitioner DeMott is hereby warned that any future attempts of a similar nature may result in this court dismissing his petition filed pursuant to 28 U.S.C. § 2241 as an abuse of the writ.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue this date.

THIS, the 24th day of August, 2006.

S/DAVID BRAMLETTE  
UNITED STATES DISTRICT JUDGE